The Honorable Jeremy Hutchinson State Representative 718 Parliament Street Little Rock, Arkansas 72211-2046
Dear Representative Hutchinson:
I am writing in response to your request for an opinion on the following:
 If money is collected or donated by citizens to a city's firefighters association, which is a non-profit organization, and this association is not a legally registered non-profit organization with the IRS, AG or the Arkansas Secretary of State, and this donated money is then placed into a savings/checking account that is identified as the association account; But the association uses a Tax Identification number that belongs to the city and not to the association, and the use of this Tax ID number by the association was never authorized by the city council [sic]. Then the association disbands and closes their account, does the remainder of the money in the account become city property? Also, is the city responsible for disclosing this account for tax purposes instead of the fire department since the tax ID used belongs to the city and was illegally used by a firefighters association?
RESPONSE
In response to your first question, in my opinion the money in the account does not automatically become city property, but it may be possible to transfer the money to the city under an Arkansas statute governing unincorporated associations. I should note, however, that while I can set out what I believe to be the relevant law, the exact resolution of your question may require reference to all the facts, and is best left to the city attorney or other counsel for the city. Similarly, in response to your second question, regarding the disclosure of the account by the city for tax purposes, the city should consult its counsel, accountant or the I.R.S. for advice on this federal taxation law issue.
In 1997, Arkansas adopted the "Uniform Unincorporated Nonprofit Association Act." See A.C.A. §§ 4-28-501 to -517 (Repl. 2001). A "nonprofit association" under the act is defined as "an unincorporated organization, other than one created by a trust, consisting of two or more members joined by mutual consent for a common, nonprofit purpose. . . ." A.C.A. § 4-28-501(2). Such an association may, "in its name . . . acquire, hold, encumber, or transfer an estate or interest in real or personal property." A.C.A. § 4-28-504(b).
The act addresses the disposition of personal property of an inactive nonprofit association as follows:
 If a nonprofit association has been inactive for three years or longer, or a different period specified in a document of the nonprofit association, a person in possession or control of personal property of the association may transfer custody of the property:
 (1) if a document of a nonprofit association specifies a person to whom transfer is to be made under these circumstances, to that person; or
 (2) if no person is so specified, to a nonprofit association or nonprofit corporation pursuing broadly similar purposes, or to a government or governmental subdivision, agency, or instrumentality.
A.C.A. § 4-28-509 (emphasis added).
If the association to which you refer has been inactive for three years or longer, as set out above and no document of the association specifies a required transfer upon dissolution, in my opinion the person in possession or control of the money may transfer it to the city under subsection (2) of A.C.A. § 4-28-509.
In my opinion, therefore, although the money does not automatically become property of the city (see Op. Att'y Gen. 2000-167),[1] it is possible, depending upon the facts, to lawfully transfer the money to the city. Again, however, the exact resolution of the issue is best resolved by the city attorney or other local counsel. These persons are in a better position to evaluate all the facts.
Similarly, in response to your second question, concerning the city's obligation to disclose the account for tax purposes, this issue should be resolved with the aid of local counsel. The question posed in this regard requires an analysis of federal tax law and should be resolved with the advice of the city's usual tax counsel, rather than my office, which is not charged with the duty of providing legal counsel to cities.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] This opinion, which also involved the interaction between a private fire association and a city, noted, in response to Question 2 therein, as follows: "I have found no authority in Arkansas or any other jurisdiction for the proposition that depositing funds into an account using the city's tax ID number creates a presumption that the funds are public."